869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GLSF EMPLOYMENT & TRAINING CONSORTIUM, Petitioner,
v.
U.S. DEPARTMENT OF LABOR, Respondent.
 No. 88-3317.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 GLSF Employment and Training Consortium, an entity composed of various units of local government, was organized as a "prime sponsor" of certain federally funded employment training programs. GLSF accepted funds appropriated under the Comprehensive Employment and Training Act of 1973 (CETA), 29 U.S.C. Secs. 801 et seq., and distributed them to various subgrantees. After an audit, a Department of Labor grant officer disallowed certain expenses claimed by subgrantees. With some adjustments, the disallowance was approved by an administrative law judge and became the final decision of the Secretary of Labor. On petition for review, GLSF asks this court to set aside portions of the Secretary's decision as not supported by substantial evidence or, as to one item, on the ground that the Secretary acted arbitrarily and capriciously in failing to grant a discretionary waiver. Finding no merit in these contentions, we shall deny the petition.
 
 
 2
 It is well established that the federal government may recoup CETA funds found to have been improperly disbursed by prime sponsors or found to have been misspent by the ultimate recipients of the funds. Atlantic County v. United States Department of Labor, 715 F.2d 834, 835-37 (3d Cir.1983). Prime sponsors must account to the Department of Labor for funds misspent by their subgrantees. Commonwealth of Kentucky v. Donovan, 704 F.2d 288, 293 (6th Cir.1983).
 
 
 3
 In reviewing actions taken by the Department of Labor under CETA, we may not upset factual findings that are supported by substantial evidence:
 
 
 4
 "The findings of fact by the Secretary, if supported by substantial evidence, shall be conclusive, but the court, for good cause shown, may, in whole or in part, set aside the findings of the Secretary or remand the case to the Secretary in whole or in part...."
 
 
 5
 29 U.S.C. Sec. 817(b) (repealed). The general "arbitrary and capricious" standard of the Administrative Procedure Act, 5 U.S.C. Sec. 706, applies to our review of the Secretary's decision not to waive certain recordkeeping requirements. In proceedings before an administrative law judge, "[t]he party requesting the hearing shall have the burden of establishing the facts and the entitlement to the relief requested." 20 C.F.R. Sec. 676.90(b). We have no authority to place the burden of proof elsewhere, and we may not grant relief to a party that fails to sustain a burden assigned to that party under the regulation.
 
 
 6
 With this background in mind, we turn to the specific disallowances challenged here. The ALJ disallowed about $54,000 of expenses incurred by the Flint Board of Education, finding that the expenses had been inadequately documented. Although GLSF makes much of the fact that a 1982 outside audit reported no irregularities in this program, the findings of that audit are not binding upon the Secretary of Labor. It is the recipient's burden to show the challenged expenses were proper, and a previous audit does not signify government approval of all expenditures prior to the audit. Board of County Commissioners v. United States Department of Labor, 805 F.2d 366, 369-70 (10th Cir.1986). GLSF's own expert witness testified that the invoices submitted by GLSF to document the questioned expenses were inadequate; he could not agree that "adequate source documentation exists to support the expenditure." In view of this weak showing, the ALJ properly found that GLSF had failed to justify the expenses.
 
 
 7
 The ALJ disallowed two categories of expenses, totaling about $69,000, incurred by the Greater Flint Opportunities Industrial Relations Center. The ALJ first disallowed a claimed expenditure of exactly $1,000 in travel costs. This item was apparently supported by no documentation whatever apart from an affidavit from the subgrantee's executive director stating that the expenses were proper "to the best of [his] knowledge and belief." The bulk of the expenditures in question were for equipment purchase and rental. The ALJ found that certain expenses which required prior approval had not been properly approved, and because the subgrantee had engaged in improper "sole source procurements," the ALJ declined to approve the expenditures retroactively. See City of St. Louis v. United States Department of Labor, 787 F.2d 342, 346-47 (8th Cir.1986). The ALJ also found that the subgrantee had failed to keep required records concerning the depreciation and eventual disposal of the equipment. There is substantial evidence to support this disallowance.
 
 
 8
 The ALJ disallowed about $20,000 in expenses incurred by the Spanish Speaking Information Center. Although GLSF submitted some records in this connection, the ALJ found numerous discrepancies in them and concluded that GLSF had failed to meet its burden of proving that the claimed expenses were legitimate. We agree.
 
 
 9
 The ALJ disallowed about $11,000 in wages claimed by the Flint Area Chamber of Commerce as either "duplicate or overstated" or "lacking adequate support documentation, i.e., time and attendance records." The ALJ labeled GLSF's attempts to explain the expenditures "a mass of confusion which does not seem to address the matter at hand." We agree that GLSF failed adequately to support these expenses and failed to prove that they were allowable.
 
 
 10
 The ALJ disallowed about $62,000 in expenses claimed by the North Cook Neighborhood Improvement Association. Although GLSF introduced evidence tending to show that the questioned amounts were actually disbursed to certain individuals, there was no evidence that the people who were paid ever performed any work. Other disallowed expenses included costs incurred by the subgrantee outside the CETA grant period and expenses not supported by source documentation. The disallowance of these expenses is supported by substantial evidence.
 
 
 11
 GLSF argues generally that it has acted in good faith in producing whatever records it has been able to obtain and that the Department of Labor has failed to prove the existence of any fraud. Such protestations are insufficient. The money GLSF accepted from the federal government came with strings attached. Those strings obligated GLSF not merely to act in good faith, but to keep specific types of records, to require its subgrantees to comply with a host of technical regulations, and to be prepared to justify the use made of each dollar received. See City of Oakland v. Donovan, 703 F.2d 1104, 1107 (9th Cir.1983).
 
 
 12
 GLSF argues, finally, that the Secretary acted arbitrarily and capriciously in not waiving recordkeeping requirements with respect to Sacred Heart/Heart in the City, a subgrantee that lost its records in a fire. GLSF relies on 29 U.S.C. Sec. 816(d)(2), which authorizes the Secretary to order repayment of misspent funds.
 
 
 13
 "unless, in view of special circumstances as demonstrated by the recipient, the Secretary determines that requiring repayment would not serve the purposes of obtaining compliance with [CETA]."
 
 
 14
 There are two problems with GLSF's argument. First, GLSF failed to raise it before the grant officer. Second, GLSF failed to take exception to the ALJ's failure to determine that "special circumstances" existed. 20 C.F.R. Sec. 676.92(f) provides that "[a]ny exception not specifically urged shall be deemed to have been waived." (Emphasis added.) Having failed to take exception to the ALJ's failure to find that special circumstances existed, GLSF is bound by that determination and may not challenge it here.
 
 
 15
 The petition for review is DENIED.